1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>     v.<br><br>ANTONIO CASARES-CUEVAS,<br><br>                         Defendant. | Case No. 3:12-cr-00038-HDM-VPC<br>   Case No. 3:24-cv-00348-HDM<br><br><br>                ORDER |

The defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 261). The court conducts a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Motions for the United States District Courts, which provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." For the following reasons, the defendant will be ordered to show cause why his § 2255 motion should not be dismissed.

In 2013, the defendant was convicted, pursuant to a plea agreement, of one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (ECF Nos. 84, 149 & 152). Under the agreement, the defendant agreed that he was not safety-valve eligible. (ECF No. 152 at 7).

At 500 grams or more of methamphetamine, the defendant was facing a statutory sentence of at least ten years up to life. 21

1

U.S.C. § 841(b)(1)(A). The PSR calculated the defendant's sentencing range to be 235 to 293 months, based in part on its determination that the defendant was responsible for 1.3582 kilograms of actual methamphetamine. At sentencing, however, the court determined that the amount of methamphetamine attributable to the defendant was actually in excess of 1.5 kilograms. (ECF No. 208). This finding increased the defendant's offense level by two, yielding a guidelines range of 292 to 365 months. The court ultimately sentenced the defendant to 292 months' imprisonment.[1] (ECF Nos. 198 & 208). The defendant filed a notice of appeal, which was dismissed on the grounds that it was barred by the defendant's valid appeal waiver. (ECF No. 210).

Now, more than a decade after judgment of conviction was entered in this case, the defendant has filed a motion for relief under § 2255. The motion raises a single claim for relief: that the defendant "received an unconstitutional sentence in violation of the Fifth and Sixth Amendments" as recognized in *Erlinger v. United States*, -- U.S. --, 144 S. Ct. 1840 (2024). (*Id.* at 18). Specifically, the defendant asserts that his sentence violates *Erlinger* in two ways: (1) the court found he was not safety-valve eligible based on facts that had not been presented to and found by a jury; and (2) the court, and not a jury, determined that he was responsible for more than 1.5 kilograms of methamphetamine, which increased his offense level by two. (*Id.* at 7). The defendant's motion fails to state a claim for relief.

---

[1] The parties later stipulated to, and the court granted, a reduction of the defendant's sentence to 235 months under 18 U.S.C. § 3582(c)(2). (ECF Nos. 228-30).

In *Erlinger*, the Supreme Court held that a jury must decide beyond a reasonable doubt that prior offenses were committed on separate occasions before a defendant can be subjected to an enhanced mandatory minimum sentence under the Armed Career Criminal Act. *Erlinger*'s specific holding has no application to this case, which does not involve an enhanced sentence under the ACCA. And the principle upon which *Erlinger* relied – that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)," *Erlinger*, 144 S. Ct. at 1851 (internal punctuation omitted) – stems from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013), which were both well established at the time of the defendant's conviction and sentence. Furthermore, even if this was somehow new law, the defendant's sentence violates neither *Apprendi* nor *Alleyne*. Not only did the defendant freely admit in his plea agreement that he was not eligible for the safety-valve based on his criminal history and the firearms he possessed, "the factual predicate for denying safety valve relief need not be proven to a jury." *See United States v. Lizarraga-Carrizales*, 757 F.3d 995, 999 (9th Cir. 2014). And the facts found by the court related to drug quantity did not increase the prescribed range of penalties the defendant was facing. *See United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014); *United States v. Sanchez*, 583 Fed. App'x 727 (9th Cir. 2014) ("[T]he Sixth Amendment is not violated when a sentencing court finds facts while exercising its discretion to impose a sentence within the statutorily prescribed range."). The

court's sentence of 292 months fell squarely within the statutorily prescribed range of ten years to life.

Finally, the motion appears to be untimely. A motion under § 2255 must be filed within one year of "the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The defendant's judgment of conviction had been final for a decade before he filed the instant motion, so it is not timely under § 2255(f)(1). Nor is it likely that the defendant can establish timeliness under § 2255(f)(3) and the *Erlinger* decision. Not only does *Erlinger* not apply to the defendant's case, the defendant has not identified any case – and the court has found none – holding that any right initially recognized in *Erlinger* is retroactively applicable on collateral review.

/

/

/

/

/

4

1     For the foregoing reasons, the defendant shall, within thirty

2 days of the date of this order, SHOW CAUSE why his § 2255 motion

3 should not be dismissed as untimely and for failure to state a

4 claim. Failure to file a timely response will result in dismissal

5 of the § 2255 motion with prejudice.

6     IT IS SO ORDERED.

7     DATED: This 17th day of September, 2024.

8

9

10         UNITED STATES DISTRICT JUDGE